UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.: 16-31426 (AMN) |
|     ETHAN VICTOR, | : | Chapter 7 |
|     *Debtor* | : | |
| | : | |
| PHOENIX SURGICALS, LLC | : | Adv. Pro. No. 16-03040 (AMN) |
|     *Plaintiff* | : | |
| v. | : | |
| ETHAN VICTOR | : | |
|     *Defendant* | : | |
| | : | Re: AP-ECF No. 108 |

APPEARANCES

| | |
|---|---|
| Mark P. Carey, Esq.<br>Elizabeth W. Swedock, Esq.<br>Mark R. Carey, P.C.<br>71 Old Post Road, Suite One<br>Southport, CT 06890 | Counsel for the Plaintiff |
| Jeffrey M. Sklarz, Esq.<br>Kellianne Baranowsky, Esq.<br>Lauren McNair, Esq.<br>Green & Sklarz, LLC<br>700 State Street, Suite 100<br>New Haven, CT 06511 | Counsel for the Defendant |

## MEMORANDUM OF DECISION AND RULING GRANTING PLAINTIFF'S MOTION TO DISMISS COUNT ONE OF DEFENDANT'S COUNTERCLAIM

Before the court is a motion, filed by the Plaintiff and Counterclaim-Defendant, Phoenix Surgicals, LLC ("Phoenix"), seeking to dismiss the counterclaim[1] asserted by the

---

[1] Since the filing of his counterclaim and Phoenix's motion to dismiss, Ethan Victor has moved to amend his answer and counterclaim to add another, distinct, count to his counterclaim. See, AP-ECF No. 181. The court granted the motion to amend. AP-ECF No. 211. On January 3, 2018, Ethan Victor filed his amended counterclaim. AP-ECF No. 213. This Ruling addresses what is now count one of Ethan Victor's counterclaim.

Defendant and Counterclaim-Plaintiff, Ethan Victor ("Victor"), for failing to state a claim for which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Bankr.P. 7012(b). AP-ECF No. 108.[2] For the reasons that follow, the motion to dismiss is granted and count one of the counterclaim[3] is dismissed.

## I. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). The Bankruptcy Court, in turn, has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. § 157(a) and the Order of Reference of the District Court dated September 21, 1984. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (I). This adversary proceeding arises under Ethan Victor's chapter 7 case pending in this district. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1409.

## II. PROCEDURAL BACKGROUND

On September 12, 2016, Victor filed a voluntary chapter 7 bankruptcy petition. ECF No. 1. A couple of weeks later, on October 3, 2016, Phoenix commenced this adversary proceeding by filing a nine-count complaint (the "Complaint"). AP-ECF No. 1. Counts one through three of the Complaint seek to have a debt owed to Phoenix by Victor deemed nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). Counts four through nine of the Complaint have now been dismissed, but sought a determination of liability and damages for statutory theft, breach of contract, violation of Connecticut's Unfair Trade Practices Act, violation of Connecticut's Uniform Trade

---

[2] References to the docket of the main chapter 7 bankruptcy proceeding appear in the following form: "ECF No. ___." References to the docket of this adversary proceeding appear in the following form: "AP-ECF No. ___."
[3] *See,* footnote 1.

Secrets Act, breach of the covenant of good faith and fair dealing, and unjust enrichment ("State Law Counts"). In Victor's motion to dismiss the Complaint, he sought (1) dismissal of counts one through three for a failure to state a claim upon which relief can be granted; and (2) dismissal of or abstention of the State Law Counts under the *Colorado River* Doctrine.[4] AP-ECF Nos. 18, 19. Phoenix opposed the motion to dismiss. AP-ECF Nos. 34, 36. Victor filed a reply brief including a request for mandatory abstention, pursuant to 28 U.S.C. § 1334(c)(2), regarding the State Law Counts. AP- ECF No. 37. On May 30, 2017, the court dismissed the State Law Counts finding that Victor had timely requested abstention, pursuant to 28 U.S.C. § 1334(c)(2). AP-ECF No. 62.

Two weeks later, Victor filed an answer to the remaining counts of the Complaint, two affirmative defenses, and a one-count counterclaim.[5] AP-ECF No. 78. The counterclaim alleged that Phoenix violated the automatic stay pursuant to 11 U.S.C. § 362(a)(1) and (6) by filing the State Law Counts in this adversary proceeding. AP-ECF No. 78, P. 25-27. Phoenix filed the instant motion seeking dismissal of the counterclaim and asserting that, pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Bankr.P. 7012(b), the counterclaim lacked any legal basis. AP-ECF No. 108. Victor objected claiming that the counterclaim adequately set forth a legally cognizable cause of action for an intentional violation of the automatic stay. AP-ECF No. 124.

### III.    RELEVANT LAW

Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Fed.R.Bankr.P. 7012(b), allows a party to move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P.

---

[4] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).
[5] *See*, footnote 1.

12(b)(6). To survive a motion to dismiss, a pleading must contain a "'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The function of a motion to dismiss 'is merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof.'" *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities*, 748 F.2d 774, 779 (2d Cir. 1984).

When deciding a motion to dismiss, the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether it is plausible that a plaintiff has a valid claim for relief. *See*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

The question presented here is whether the filing of an adversary proceeding against a debtor containing state law causes of action violates the protections of the automatic stay. It is fundamental that pursuant to 11 U.S.C. § 362(a) the filing of a bankruptcy petition automatically operates as a stay, applicable to all entities, of "the commencement or continuation, … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title" and to "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §§ 362(a)(1), 362(a)(6); *see* 3-362 *Collier on Bankruptcy* ¶ 362.01. The broad reach of § 362(a) is limited only by the select exceptions outlined in § 362(b), none of which apply in this case. In the Second Circuit, the automatic "stay is effective

immediately upon the filing of the petition" and "without the requirement of notice to the affected parties." *In re Heating Oil Partners, LP*, 422 Fed. Appx. 15, 18 (2d Cir. 2011)(summary order), *citing In re Colonial Realty Co.*, 980 F.2d 125, 137 (2d Cir.1992).

Although § 362 on its face appears to enjoin proceedings in bankruptcy court, courts within the Second Circuit have consistently held that:

> Any action . . . to collect money . . . or to assert a prepetition claim against the debtor which would otherwise be enjoined by 11 U.S.C. § 362(a) if initiated in any other context, is not subject to the automatic stay if commenced in the bankruptcy court where the debtor's bankruptcy case is pending.
> *In re Atreus Enterprises, Ltd.*, 120 B.R. 341, 346 (Bankr.S.D.N.Y. 1990) (citations omitted).

Judge Schwartzberg in *In re Atreus Enterprises, Ltd.* stated that claims brought by way of adversary proceedings "illustrate[] an important and fundamental exception to the automatic stay which is not listed among the specific exceptions delineated under 11 U.S.C. § 362(b)." *In re Atreus Enterprises, Ltd.*, 120 B.R. at 346. Judge Schwartzberg further noted that the legislative history of § 362 suggested that the automatic stay was "intended as an umbrella to protect a debtor temporarily from the shower of law suits and collection efforts by creditors outside the bankruptcy court … [and] for the purpose of concentrating on the financial, rehabilitative and distributive procedures applicable in the bankruptcy court where the debtor's case is pending." *In re Atreus Enterprises, Ltd.*, 120 B.R. at 346 (*citing*, H.R.Rep. No. 595, 95th Cong., 1st Sess. 174–175 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 49–50 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5963, 6134–6136, 5835–5836).[6]

---

[6] Additionally, Judge Schwartzberg noted that the Bankruptcy Code specifically provided the bankruptcy court the authority to adjudicate a wide variety of pre-petition claims against the debtor, but "[t]he automatic stay was never intended to bar the bankruptcy court from exercising its statutory mandate to determine and allow claims and interests pursuant to 11 U.S.C. §§ 501 and 502; to determine the value of liens and other secured interests in property in accordance with 11 U.S.C. § 506; or to decide dischargeability suits against

Several courts within the Second Circuit have reached the same conclusion. *See* S*harf v. BC Liquidating, LLC*, Docket No. 14-cv-7320 (JMA), 2015 WL 5093097, 2015 U.S. Dist. LEXIS 114772, at *8 (E.D.N.Y. August 28, 2015)("application of the automatic stay to litigation in the [same] court where the debtor's case is pending does not serve any of the purposes underlying the automatic stay"); *In re Babekov*, No. 1-07-43573-DEM, 2009 WL 1373597, at *3, 2009 Bankr. LEXIS 5514, at *7 (Bankr.E.D.N.Y. May 5, 2009)(a creditor's removal of state court action to bankruptcy court was proper and did not violate § 362(a)); *In re Bird*, 229 B.R. 90, 95 (Bankr.S.D.N.Y. 1999)("Having such litigation go forward in [the bankruptcy court] centralizes all actions against the debtor in one forum under the control of one court and thereby aids the [bankruptcy] court in protecting the debtor and creditors and in efficiently administering the estate").

Courts outside the Second Circuit have also concluded that the filing of an adversary proceeding against a debtor does not constitute a violation of the automatic stay. *See*, *In re Liberty Asset Mgmt. Corp.*, No. 2:16-BK-13575-TD, 2017 WL 1100586, at *5 (9th Cir. BAP 2017)(upholding the bankruptcy court's denial of a motion for relief simply because relief to assert claims in either the main bankruptcy case or an adversary proceeding, is unnecessary); *In re Cowin*, 538 B.R. 721, 733 (S.D.Tex. 2015), *aff'd sub nom. Matter of Cowin*, 864 F.3d 344 (5th Cir. 2017)(Overwhelming authority supports the conclusion that the home bankruptcy court is uniquely situated and that applying the automatic stay to actions filed in the home bankruptcy court would ignore these unique

---

the debtor and to enter judgments for amounts found to be nondischargeable under 11 U.S.C. § 523. Indeed, in addition to its authority to hear and determine any and all core proceedings described in 28 U.S.C. § 157(b)(1), the bankruptcy court is expressly authorized to determine actions against the debtor and others which might be otherwise related to a case under title 11, as provided under 28 U.S.C. § 157(c)(1)." *In re Atreus Enterprises,* 120 B.R. at 346.

features, undermine the stay's intended purposes, and cause absurd results); *In re Formatech, Inc.*, 496 B.R. 26, 35 (Bankr.D.Mass. 2013)("agree[ing] with the majority view that the automatic stay does not prohibit the commencement of an adversary proceeding against a debtor (or its trustee) in the bankruptcy court"); *In re Uni-Marts, LLC*, 404 B.R. 767, 783 (Bankr.D.Del. 2009)(Court agrees with the reasoning of the majority of courts and concludes that filing an adversary proceeding in bankruptcy court is not a violation of the automatic stay)(collecting cases).

A few courts, including those cited by Victor, support a minority view that the filing of an adversary proceeding may constitute a violation of the automatic stay. *See In re Adkins*, 513 B.R. 888, 891–96 (Bankr.N.D.Tex. 2014)(holding that the filing of a third party complaint against a debtor as part of an adversary proceeding pending in the same court as the debtor's case, but as part of a different bankruptcy case violated the automatic stay); *Bridges v. ContinentalAFA Dispensing Co. (In re ContinentalAFA Dispensing Co.)*, 403 B.R. 653, 659 (Bankr.E.D.Mo. 2009)(filing of adversary class action in debtor's bankruptcy case violated automatic stay)[7]; *Matter of Coastal Group, Inc.*, 100 B.R. 177, 178 (Bankr.D.Del. 1989)(adversary complaint based on a state-law breach of contract violated the automatic stay).[8]

## IV. DISCUSSION

In the underlying chapter 7 case here, Phoenix filed a proof of claim identifying the theft of sales and commissions, including the state law causes of action, as a basis of its claim and including a copy of the adversary proceeding complaint. As noted, Phoenix

---

[7] The court finds this case unpersuasive as it fails to provide analysis or rationale for its decision that the action was violative of the automatic stay.

[8] The court notes that a more recent decision from a bankruptcy court in the District of Delaware has reached the opposite conclusion. *See, In re Uni-Marts, LLC*, 404 B.R. 767 (Bankr.D.Del. 2009).

has alleged that Victor's conduct: (1) amounted to a non-dischargeable obligation and (2) constituted a variety of state law based claims. The court notes that 28 U.S.C. § 157(c) and 28 U.S.C. § 1334(b) provide the bankruptcy court with jurisdiction over state law claims that are related to cases under Title 11 of the United States Code. Reading these provisions together with § 362, the court agrees and follows the reasoning that several courts have identified as the majority position – that the assertion of a pre-petition claim against the debtor which would otherwise be enjoined by § 362(a), if initiated in any other context, is not a violation of the automatic stay if commenced in the bankruptcy court where the debtor's bankruptcy case is pending.

But, Victor maintains that the court must apply a literal interpretation of the language of § 362 and find that the language prohibits any continuation of a judicial proceeding, including a claim brought as part of an adversary proceeding, that could have been commenced before a debtor's bankruptcy filing. The court disagrees.

The automatic stay serves many important purposes including "providing the debtor with a breathing spell" and "allowing the bankruptcy court to centralize disputes concerning property of the debtor." *See, Teachers Ins. & Annuity Ass'n of America v. Butler*, 803 F.2d 61, 64 (2d Cir. 1986); *see also In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 989 (2d Cir. 1990). Applying the automatic stay to the instant adversary proceeding to bar the filing of the State Law Counts would not advance these purposes. On the contrary, allowing Phoenix to file an adversary complaint including not only its claims for

non-dischargeability of its debt, but also the State Law Courts, centralized the entire dispute in one forum under the control of one court.[9]

The court finds the cases Victor relies on, including *In re Adkins*, 513 B.R. 888, to be unpersuasive. Unlike the present case, in *Adkins*, the debtor was named as a third party defendant in an adversary proceeding pending as part of another debtor's case and the third party complaint against Adkins included pre-petition claims that were not part of the claims set forth in the creditor's proof of claim filed in Adkins' bankruptcy case. *Id.* at 895. The *Adkins* court, reviewing case law from the Fifth Circuit, determined that allowing a debtor to be named as a third party defendant in an adversary proceeding unrelated to his or her bankruptcy proceeding was not the functional equivalent to filing a proof of claim especially when the adversary proceeding was in a different bankruptcy case. *In re Adkins*, 513 B.R. at 894.

The court finds the reasoning of *Sharf v. BC Liquidating LLC*, which reached the opposite conclusion of *Adkins*, more persuasive. No. 14-CV-7320 JMA, 2015 WL 5093097 (E.D.N.Y. Aug. 28, 2015). Based on facts similar to *Adkins*, Judge Azrack concluded,

> … courts have refused to find a violation of § 362 in these circumstances because application of the automatic stay to litigation in the bankruptcy court where the debtor's case is pending does not serve any of the purposes underlying the automatic stay. On the contrary, allowing such litigation to proceed "centralizes all actions against the debtor in one forum under the control of one court and thereby aids the home court in protecting the debtor and creditors and in efficiently administering the estate." *In re Bird*, 229 B.R. 90, 95 (Bankr.S.D.N.Y.1999). Moreover, allowing such litigation to proceed does not diminish the debtor's "breathing spell" from creditors because commencing a proceeding in the bankruptcy court where the debtor's case is

---

[9] Courts have found that creditors commencing a proceeding in the bankruptcy court where the debtor's case is pending is "the functional equivalent of filing a proof of claim against the bankruptcy estate." *In re Bird*, 229 B.R. 90, 95 (Bankr.S.D.N.Y. 1999).

pending is "the functional equivalent of filing a proof of claim against the bankruptcy estate." *Id*.
*Sharf*, 2015 WL 5093097, at *4.

Here, like in the other cases from the Second Circuit referenced above, and unlike the facts presented in *Adkins*, the need to "protect[] the debtor from a shower of lawsuits" and "provid[e] the debtor with a breathing spell" is not present. The pre-petition State Law Claims are included in an adversary proceeding in Victor's own bankruptcy case as part of a complaint to determine the non-dischargeability of those claims. This court is ideally situated to supervise and protect the interests of Victor as a debtor and prevent any abuse stemming from the litigation because it is the "home" bankruptcy court for the debtor's case and will hear all matters regarding Victor's discharge.

Victor also relies on *In re Penney*, 76 B.R. 160 (Bankr. N.D.Cal. 1987), but the court finds that case is distinguishable and does not stand for the proposition that Victor asserts. In *In re Penney*, the court determined that Sears had no right to maintain an action for breach of contract, without a claim that the debt was in some fashion non-dischargeable pursuant to 11 U.S.C. § 523(a). The court there did not state that the mere filing of a state law claim in the bankruptcy court was a violation of the automatic stay. Rather, it stated that "*if the claim were brought in state court"* it would be a violation of the automatic stay. *In re Penney*, 76 B.R. at 161. The *Penney* case is also distinguishable because here Phoenix has alleged as part of its adversary complaint that its claims are non-dischargeable.

### V. **CONCLUSION**

For these reasons, Phoenix's conduct of including the State Law Claims as part of its non-dischargeability complaint against Victor does not constitute a violation of the

automatic stay.  Victor's counterclaim fails as a matter of law and accordingly, Phoenix's motion to dismiss count one of the counterclaim is granted.[10]

Dated on January 22, 2018, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut

---

[10] See, footnote 1.